UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON ANTHONY JOHNSON,

    Petitioner,    Case No. 2:24-cv-12831

v.    Hon. Brandy R. McMillion
    United States District Judge

J. CORRIGAN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

  Petitioner Vernon Anthony Johnson ("Johnson"), a Michigan prisoner incarcerated at the Chippewa Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Johnson challenges his convictions for second-degree murder and possession of a firearm during the commission of a felony on the ground that he was denied his right to be tried within 180 days. For the reasons below, the Court **DENIES** the petition, **DENIES** the issuance of a certificate of appealability, and **GRANTS** Johnson leave to proceed *in forma pauperis* on appeal.

**I.**

  In 2021, Johnson was charged in Wayne County Circuit Court with first-degree murder (Mich. Comp. Laws § 750.316(1)(a)), being a felon in possession of

a firearm, third offense (Mich. Comp. Laws § 750.224f), two counts of possession of a firearm in the commission of a felony (felony firearm) (Mich. Comp. Laws § 750.227b), and as a fourth-offense habitual offender (Mich. Comp. Laws § 769.12). *See People v. Johnson*, No. 366280, 2024 WL 1230055, at *1, n.2 (Mich. Ct. App. Mar. 21, 2024).

Johnson filed a pre-trial motion to dismiss alleging that his right to a speedy trial and Michigan's 180-day rule had been violated. *Id.* at *2. The trial court denied the motion. *Id.* Johnson proceeded to trial, but before the prosecution rested, he pleaded guilty to second-degree murder and felony firearm. *Id.* In exchange for his plea, the prosecutor agreed to dismiss the felon-in-possession charge, the additional felony-firearm charge, and to withdraw both the fourth-offense habitual offender notice and the third-offense enhancement of the felony-firearm charge. *Id.* at *1, n.2. On November 30, 2022, Johnson was sentenced to 22 to 45 years for second-degree murder to run consecutive to two years for felony-firearm. *Id.* at *2.

The Michigan Court of Appeals granted Johnson leave to appeal. On appeal, Johnson argued that the charges should have been dismissed based on a violation of Mich. Comp. Laws § 780.131(1), known as the "180-day rule." *Id.* The Michigan Court of Appeals held that Johnson's guilty plea waived this claim. *Id.* at *4-5. Although Johnson did not specifically assert a constitutional speedy trial claim, the Michigan Court of Appeals held that to the extent such a claim was implied it was

also waived. *Id.* The Michigan Court of Appeals further held that, even if these claims were not waived, they lacked merit. *Id.* at *4-6. The Michigan Supreme Court denied Johnson's application for leave to appeal. *People v. Johnson*, 8 N.W.3d 606 (Mich. July 19, 2024).

Johnson now files this petition for a writ of habeas corpus. ECF No. 1. He raises the same claims presented in state court: Michigan's 180-day rule and his right to a speedy trial were violated. He asks the Court to vacate his conviction and sentence.

## II.

A federal court may grant an application for writ of habeas corpus only on the ground that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States, and not for perceived errors of state law. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *White v. Steele*, 602 F.3d 707, 711 (6th Cir. 2009) ("State courts, after all are the final arbiters of the state law's meaning and application and [federal court] is not the appropriate forum to adjudicate such issues.") (internal quotation and citation omitted). When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary

consideration of the petition, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Where a habeas petition does not present grounds that establish a violation of a federal constitutional right, the petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme

4

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.

Johnson argues that habeas relief should be granted because his rights under Michigan's 180-day rule, Mich. Comp. Laws § 780.831(1), and his right to a speedy trial were violated. Neither of these claims are meritorious and therefore, Johnson's case is dismissed.

First, the Sixth Circuit has repeatedly held that arguments based on Michigan's 180-day rule are issues of state law that are not cognizable in habeas review. *See Alexander v. Rewerts*, No. 18-2211, 2019 WL 5306840, at *3 (6th Cir. Jan. 18, 2019); *Smith v. Jackson*, No. 18-1681, 2018 WL 6566659, at *1 (6th Cir. Oct. 15, 2018); *Yearby v. Klee*, No. 17-1662, 2017 WL 9532628, at *2 (6th Cir. Dec. 11, 2017). Accordingly, Johnson's violation of Michigan's 180-day rule claims are not properly considered by this Court, even under habeas review, and are therefore dismissed.

Second, to the extent that Johnson is claiming that he was denied his federal constitutional right to a speedy trial, his claim is without merit. The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. And these rights apply to the states through the Fourteenth Amendment. *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017) (citing *Klopfler v. North Carolina*, 386 U.S. 213, 223 (1967)).

However, Johnson waived his right to a speedy trial by pleading guilty. *See United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) ("Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'"). This waiver includes alleged speedy trial violations, which are non-jurisdictional. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (concluding that the petitioner's speedy trial claim was waived when the petitioner entered an unconditional no contest plea because the right to a speedy trial is not a jurisdictional issue). As the Sixth Circuit previously stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Therefore, after the entry of an unconditional guilty plea, a

6

defendant may only challenge the court's jurisdiction and the voluntary and intelligent character of the plea itself. *See United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012).

Here, Johnson does not challenge that his plea was not knowingly or voluntarily entered. Instead, he simply challenges the timing of his conviction. By voluntarily entering the plea, he waived any right to challenge anything associated with the plea beyond the jurisdiction of the court. Seeing that his arguments are non-jurisdictional, the Court finds they are not properly before this Court.

Accordingly, the Court finds that Johnson's Sixth Amendment speedy trial claim is waived by his plea and his claim of violations of Michigan's 180-day rule are not cognizable under habeas review. Each claim will therefore be summarily dismissed.

### IV.

Having found Johnson's claims should be summarily dismissed, the Court declines to issue a certificate of appealability ("COA"). Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a COA is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. However, if Johnson chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: December 26, 2024  
    Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge